# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EVERETT KEITH THOMAS,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 14-6036** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |

# ORDER

AND NOW, this _____ day of _____, 2020, upon consideration of Defendant's Motion to Dismiss for Failure to Prosecute, it is **HEREBY ORDERED** that the Motion is **GRANTED** and Plaintiff's claims against Defendant are hereby **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EVERETT KEITH THOMAS,** : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 14-6036 |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Defendant, the City of Philadelphia, by and through the undersigned counsel, hereby files this Motion to Dismiss for Failure to Prosecute pursuant to Rules 41(b) of the Federal Rules of Civil Procedure. In support of this Motion, Defendant incorporates the attached Memorandum of Law. Defendant respectfully requests that this Court grant this Motion and dismiss the claims asserted against the City.

Date: February 18, 2020                              Respectfully submitted,

/s/ *Katie Cooper Davis*
Katie Cooper Davis, Esquire
Assistant City Solicitor
Attorney Identification No. 320665
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5445
(215) 683-5397 (fax)
katie.davis@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EVERETT KEITH THOMAS,** : | |
| **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | **No. 14-6036** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| **Defendants.** : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**
**FOR FAILURE TO PROSECUTE**

Plaintiff Everett Keith Thomas has attempted to sue Defendant the City of Philadelphia without attempting to undertake any discovery in furtherance of his claims against the City. For the reasons set forth below, Plaintiff's claims against the City should be dismissed with prejudice.

**I. PROCEDURAL BACKGROUND**

Plaintiff, proceeding *pro se*, initiated this lawsuit on October 22, 2014 naming, *inter alias*, the City of Philadelphia (Docket No. 1). Plaintiff then filed three amended complaints (Docket No. 11, 16, 31) The City moved to dismiss Plaintiff's Complaint for failure to state a claim (Docket No. 32), which the Court granted on March 16, 2017 (Docket No. 44). Plaintiff filed a *pro se* notice of appeal on March 31, 2017 (Docket No. 45) and the Third Circuit vacated this Court's order and remanded the case (Docket No. 52).

The Court then held an in-person status hearing on August 22, 2019 (Docket. No. 57). Counsel for Plaintiff subsequently moved to withdraw on September 10, 2019 (Docket No. 59). On October 26, 2019, the Court (1) granted Plaintiff counsel's motion to withdraw, (2) granted

Plaintiff's motion for appointed counsel, and (3) ordered that Plaintiff file an amended complaint on or before January 29, 2020 if he was not appointed counsel on time (Docket. No. 60). On January 15, 2020, the Court ordered that this case be removed from the Prisoner Civil Rights Panel and reordered Plaintiff to file an amended complaint on or before January 29, 2020 (Docket No. 65). Plaintiff failed to file an amended complaint by January 29, 2020.

The Court granted Plaintiff one last opportunity to amend his complaint on February 3, 2020 (Docket No. 66). The Court ordered Plaintiff to file an amended complaint by February 17, 2020 pursuant to the Court's October 29, 2019 Order or show cause why the case should not be dismissed with prejudice. *Id.* The Court notified Plaintiff that this case would be dismissed with prejudice if he failed to comply with this order. *Id.* To date, Plaintiff has failed to file an amended complaint.

## II. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR LACK OF PROSECUTION.

Rule 41(b) of the Federal Rules of Civil Procedure provides that if a plaintiff fails to prosecute or comply with these rules or a Court order, a defendant may move to dismiss the action or any claim against it. The Third Circuit has identified a six-part test in order to evaluate whether a party has failed to prosecute its claim, including: (1) the extent of the *party* 's personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense. *See, e.g., Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

First, as Plaintiff has represented himself in this matter, there is no question that he is

personally responsible for his failures to comply with the Federal Rules of Civil Procedure and to abide by the Court's Orders in this case. With respect to the second factor, Plaintiff's unwillingness to file an amended complaint and initiate discovery is highly prejudicial to Defendant because it has deprived Defendant of the opportunity to adequately investigate this matter, including evaluating records and taking witness testimony.

Regarding the next three factors, Plaintiff's history of dilatoriness has been established by his complete failure to comply with this Court's repeated orders to file an amended complaint (Docket No. 60, 65, 66). Plaintiff's failure to prosecute his claims at this late date in the litigation can only be described as willful or in bad faith. Plaintiff has made no attempt to comply with this Court's order or shown why his case should not be dismissed. Because Plaintiff has brought a frivolous civil right claim against the City and then failed to prosecute such claims, the only appropriate remedy is the dismissal of Plaintiff's claims with prejudice.

Based on the above, this matter should be dismissed for lack of prosecution.

### III.  CONCLUSION

For the reasons set forth above, Defendant the City of Philadelphia hereby requests that this Court grant the instant Motion and dismiss all claims asserted against the City with prejudice.

Date:  <u>February 18, 2020</u>                              Respectfully submitted,

<u>/s/ *Katie Cooper Davis*</u>
Katie Cooper Davis, Esquire
Assistant City Solicitor
Attorney Identification No. 320665
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5445
(215) 683-5397 (fax)
katie.davis@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EVERETT KEITH THOMAS,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 14-6036** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Defendant's Motion was filed via the Court's electronic filing system and is available for viewing and downloading. A copy will also be sent via first class mail to the following recipients:

Everett Keith Thomas
PP #681220
Curran-Fromhold Correctional Facility
7901 State Rd. Philadelphia, PA, 19136


Date: February 18, 2020                    Respectfully submitted,

/s/ *Katie Cooper Davis*
Katie Cooper Davis, Esquire
Assistant City Solicitor
Attorney Identification No. 320665
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5445
(215) 683-5397 (fax)
katie.davis@phila.gov