IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVERETT KEITH THOMAS | : | CIVIL ACTION |
| v. | : | No. 14-6036 |
| CITY OF PHILADELPHIA, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                                                        **July 28, 2020**

      Pro se Plaintiff Everett Keith Thomas filed this case alleging Defendants violated his Fourteenth and Eighth Amendment rights by serving him contaminated food while he was incarcerated at Philadelphia House of Correction. The Court dismissed the Amended Complaint and Thomas appealed. The Third Circuit Court of Appeals vacated the Court's order and remanded the case to allow Thomas to file an amended complaint and to serve one of the named Defendants who was not originally served. Upon remand, the Court directed Thomas to file an amended complaint in three separate orders. When Thomas failed to do so, Defendants moved to dismiss the case for failure to prosecute. Since Defendants filed their motion, the Court twice directed Thomas to file an amended complaint or show cause why this case should not be dismissed. Thomas failed to comply. Therefore, the Court will dismiss this case for failure to prosecute.

**BACKGROUND**

      On June 7, 2016, Thomas filed an Amended Complaint pursuant to 42 U.S.C. § 1983, alleging constitutional violations because Defendants served him food contaminated with insects and mouse feces.[1] Thomas originally named the City of Philadelphia, the House of Correction, the Curran-Fromhold Correctional Facility, and the Philadelphia Prison System as Defendants

---

[1] Although Thomas filed his Complaint in this case on October 22, 2014, only Thomas's June 7, 2016, Amended Complaint is relevant to the discussion in this Memorandum.

(collectively, the City Defendants). Thomas also named Aramark, a private entity, as a Defendant. Aramark, however, was never served with Thomas's Amended Complaint, and never appeared in this case.

After the City Defendants moved to dismiss, the Court granted the motion and dismissed the Amended Complaint because Thomas had not sufficiently pleaded a constitutional violation or municipal liability pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The Court did not address the possibility of Thomas filing an amended complaint to correct the deficiencies. Thomas appealed, and the Third Circuit vacated the Court's order and remanded this case for the Court to consider whether Thomas should be granted leave to file an amended complaint and address the issue created by Aramark not having been served. *See generally Thomas v. City of Philadelphia*, 779 F. App'x 99 (3d Cir. 2019).

On October 29, 2019, the Court referred this case to the Pro Se Prisoner Civil Rights Panel to assist Thomas in obtaining counsel.[2] In the event Thomas was not appointed counsel within 60 days, the Court directed Thomas to file an amended complaint on or before January 29, 2020. *See* Order, Oct. 29, 2019, ECF No. 60. No attorney volunteered to accept appointment for the case within the 60-day period. The Court thus removed the case from the panel and directed Thomas to file an amended complaint on or before January 29, 2020, pursuant to the earlier order. *See* Order, Jan. 15, 2020, ECF No. 65. Thomas failed to comply with these orders.[3]

---

[2] Prior to this, Thomas was represented counsel. Thomas's counsel, however, failed to appear for an in-person status conference held on August 22, 2019. Thereafter, the Court directed counsel to either file a motion to withdraw or file an intent to continue to represent Thomas. Counsel moved to withdraw due to irreconcilable differences. The Court granted the motion and permitted counsel to withdraw. Counsel nevertheless requested the Court grant Thomas time to obtain new counsel.

[3] On January 7, 2020, Thomas filed a change of address. The next day, to ensure Thomas received notice of the January 29, 2020, deadline, the Court directed the Clerk of Court to mail a hard copy of the October 29, 2020, Order to Thomas's new address. Thomas's change of address is the only communication he has made with the Court since this case was remanded.

On February 3, 2020, the Court granted Thomas an extension, until February 17, 2020, to file an amended complaint or show cause why the case should not be dismissed for failure to prosecute. *See* Order, Feb. 3, 2020, ECF No. 66. On February 18, 2020, the City Defendants moved to dismiss the case for failure to prosecute. *See* Mot. to Dismiss, Feb. 18, 2020, ECF No. 67. On February 28, 2020, the Court granted Thomas a second extension, until March 13, 2020, to file an amended complaint, respond to the City Defendants' motion, or show cause. Although the City Defendants served Thomas with their motion, the Court also directed the Clerk of Court to mail a hard copy of the motion and the Court's order to Thomas's updated address. *See* Order, Feb. 28, 2020, ECF No. 68. Thomas again did not comply with this order or respond to the motion.

On March 17, 2020, the Court granted Thomas a final extension, until March 31, 2020, to file an amended complaint, respond to the City Defendants' motion, or show cause. The Clerk mailed hard copies of the order and the motion to Thomas at his updated address. The order also warned Thomas that his failure to comply would result in dismissal of the case for failure to prosecute. To date, Thomas has not complied with this final order.

**DISCUSSION**

Federal Rule of Civil Procedure 41 permits a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with th[e] [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). Ordinarily, before dismissing a case as a sanction for a party's litigation conduct, a court is required to evaluate the factors identified by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*:

>(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). "When a litigant's conduct makes adjudication of the case impossible, however, such balancing under *Poulis* is unnecessary." *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007); *see also McLaren v. N.J. State Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012).

Thomas has failed to communicate with the Court in any substantive way since this case was remanded nearly one year ago. The only communication Thomas made with the Court was a notice of his change of address on January 7, 2020. Although the Court sent its prior orders to the updated address, and the City Defendants served Thomas at that address, Thomas has failed to file an amended complaint, respond to the City Defendants' motion, or show cause why his case should not be dismissed.

Because the Court dismissed Thomas's Amended Complaint, there is no operative complaint in this case. Without Thomas filing a new amended complaint, this case is unable to proceed. Thomas's conduct has prevented this case from proceeding and made adjudication of his claims is impossible. Therefore, the Court need not address the *Poulis* factors. *See McLaren*, 462 F. App'x at 149 (holding district court did not abuse discretion in dismissing case because the "case . . . was languishing on its docket, the District Court had little choice as to how to proceed"). Assuming a *Poulis* analysis is required, four of the six factors weigh in favor of dismissal.

Since this case was remanded, Thomas proceeded pro se and his failure to comply with the Court's orders is attributable only to him. *See Briscoe v. Klaus*, 538 F.3d 252, 258–59 (3d Cir. 2008) ("[A] pro se plaintiff is responsible for his failure . . . to comply with a court's orders.").

This factor thus weighs in favor of dismissal. *See Warren v. Northampton Cty.*, No. 16-1089, 2019 WL 588737, at *4 (E.D. Pa. Feb. 12, 2019) (concluding a pro se plaintiff's personal responsibility for failure to comply with court orders weighed in favor of dismissal).

The City Defendants have been prejudiced by Thomas's failure to prosecute because without an amended complaint they cannot investigate the matter or prepare a defense. Thomas's failure to file an amended complaint has prolonged the resolution of this case and the City Defendants are burdened because there is no finality as to the Court's prior dismissal. This burden prejudices the City Defendants and thus weighs in favor of dismissal. *Cf. Ware v. Roadie Press, Inc.*, 322 F.3d 218, 222–23 (3d Cir. 2003) ("[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial.").

Thomas's history of dilatoriness includes his failure to comply with six court orders over a nine-month period directing him to file an amended complaint or show cause why this case should not be dismissed. This history of dilatoriness weighs in favor of dismissal. *See Drayton v. Spotts*, No. 19-1265, 2019 WL 5167011, at *2 (E.D. Pa. Oct. 15, 2019) (noting plaintiff's failure to comply with two court directives indicated a history of dilatoriness weighing in favor of dismissal).

As to willfulness, during the periods when Thomas proceeded pro se,[4] he made numerous filings and responded to this Court's orders, suggesting he is aware of this case and received the Court's notices while he was incarcerated. In January 2020, Thomas even filed a notice to change his address for Court mailings. In response, the Court sent its prior order and all future orders to the updated address. However, there is no record of whether Thomas received these notices and

---

[4] Thomas first initiated this case in October 2014. In the nearly six-year period this case has been litigated, Thomas proceeded pro se for approximately two years before this Court and two years before the Third Circuit.

acted in bad faith when he did not respond. This factor thus weighs against dismissal. *See Briscoe*, 538 F.3d at 262 (stating willfulness involves intentional, self-serving behavior that is "characterized as flagrant bad faith").

This is not a case in which alternative sanctions such as fines, costs, or attorneys' fees are available because Thomas appears pro se and in forma pauperis. Therefore, this factor weighs in favor of dismissal. *See id.* at 262–63 (stating alternative sanctions unavailable where plaintiff proceeded pro se, in forma pauperis, and was incarcerated).

The remaining factor also weighs in favor of dismissal; the Court can only determine the merits of Thomas's claims through the allegations in his Amended Complaint, which the Court dismissed for failure to state a claim. Without an amended complaint, there is no basis to determine whether Thomas's claims would have any merit or survive dismissal. This factor thus weighs in favor of dismissal. *See Cadmus v. Wetzel*, No. 12-2253, 2013 WL 4079935, at *3 (M.D. Pa. Aug. 13, 2013) (finding merits factor weighed in favor of dismissal because the "Court ha[d] already concluded that the Plaintiff failed to state a valid cause of action against [the defendant]" and no amended complaint had been filed).

Mindful that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint," *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992), because Thomas's failure to comply with the Court's orders have stalled the adjudication of this case, the *Poulis* factors weigh in favor of dismissal.

**CONCLUSION**

In sum, Thomas has failed to comply with several of the Court's orders, file an amended complaint, or respond to the City Defendants' motion to dismiss. Without any action, this case is unable to proceed. Additionally, four of the six *Poulis* factors weigh in favor of dismissal.

Accordingly, the Court will grant the City Defendants' motion to dismiss and dismiss this case for failure to prosecute.

BY THE COURT:


 /s/  Juan R. Sánchez
Juan R. Sánchez, C.J.